UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAYMOND KELLY,

Petitioner,

-vs-                                              Case No. 6:09-cv-1623-Orl-19KRS
                                                  (6:07-cr-134-Orl-19KRS)

UNITED STATES OF AMERICA,

Respondent.
_____

## ORDER

This case comes before the Court on the following:

1.   Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Petitioner Raymond Kelly (Doc. No. 1, filed Sept. 21, 2009);

2.   Response in Opposition to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Respondent United States of America (Doc. No. 4, filed Nov. 16, 2009); and

3.   Reply to Response to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Petitioner Raymond Kelly (Doc. No. 11, filed May 28, 2010).

### Background

Petitioner was charged in a four-count indictment with: (1) possession with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); (2) possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C.

§ 922(g) and 18 U.S.C. § 924(a)(2); and (4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  (Criminal Case No. 6:07-cr-134-Orl-19KRS, Doc. No. 1, filed Aug. 8, 2007).[1]

On January 15, 2008, this Court held a criminal scheduling conference and ordered that if Petitioner wished to enter a plea, the plea hearing must be completed by the beginning of the February trial term, February 4, 2008.  (Criminal Case Doc. No. 30, filed Jan. 15, 2008.)  On February 1, 2008, Petitioner entered into a written plea agreement and pled guilty before Magistrate Judge Karla R. Spaulding to Counts I, II, and IV of the Indictment.  (Criminal Case Doc. No. 33, filed Feb. 1, 2008.)  Magistrate Judge Spaulding entered a Report and Recommendation recommending that the guilty plea be accepted and that Petitioner be adjudicated guilty.  (Criminal Case Doc. No. 36, filed Feb. 1, 2008.)  This Court accepted the plea, adjudicated Petitioner guilty as to Counts I, II, and IV, and deferred ruling on acceptance of the plea agreement until the time of sentencing.  (Criminal Case Doc. No. 39, filed Feb. 5, 2008.)  A sentencing hearing was conducted, and on June 30, 2008, the Court sentenced Petitioner to 86 months imprisonment on each of Counts I and II, to run concurrently, 60 months imprisonment on Count IV, to run consecutively to the term of imprisonment imposed on Counts I and II, and a five-year term of supervised release.  (Criminal Case Doc. No. 46 at 2-3, filed July 1, 2008.)  Count III was dismissed pursuant to the Plea Agreement.  (*Id.* at 11.)

Petitioner signed an Acknowledgment of Right to Appeal at the sentencing hearing. (Criminal Case Doc. No. 45, filed July 1, 2008.)  The Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence.  (Criminal Case Doc. No. 71, filed Apr. 23, 2009.)  Petitioner

---

[1] Criminal Case No. 6:07-cr-134-Orl-19KRS will be referred to as "Criminal Case."

timely filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255,

asserting four grounds for relief: (1) unknowing and involuntary guilty plea; (2) breach of the plea

agreement by the Government; (3) ineffective assistance of counsel; and (4) a sentence greater than

the statutory maximum.  (Doc. Nos. 1, 11.)

## Standard of Review

**I.      Relief**

Section 2255 provides federal prisoners with an avenue for relief under limited

circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed in
> violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of
> the maximum authorized by law, or is otherwise subject to attack, may move the
> court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2010).  If a court finds a claim under Section 2255 to be valid, the court "shall

vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new

trial or correct the sentence as may appear appropriate."  *Id.*  To obtain this relief on collateral

review, however, a petitioner must clear a significantly higher hurdle than would exist on direct

appeal.  *See United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as

not sufficiently deferential to a final judgment).

**II.     Hearing**

Under Section 2255, unless "the motion and the files and records of the case conclusively

show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon,

determine the issues and make findings of fact and conclusions of law with respect thereto."  The

Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an

evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'"

*Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (quoting *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).   However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

## Analysis

### I.  Sentence-appeal Waiver

Pursuant to the sentence-appeal waiver provision of Petitioner's plea agreement, Petitioner agreed that

> this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and *expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground*, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then [Petitioner] is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Criminal Case Doc. No. 32 at 12 (emphasis added).)   Before determining whether the sentence-appeal waiver bars Petitioner's claims here, it is appropriate to determine whether the sentence-appeal waiver is valid.

### A.  Validity of Sentence-appeal Waiver

Sentence-appeal waivers are valid if made knowingly and voluntarily.  *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005).  "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

During the plea colloquy, Petitioner identified his plea agreement, acknowledged that he read and understood the terms of his plea agreement, and confirmed that he discussed his plea agreement with counsel:

> THE COURT: I have a document entitled plea agreement.  I know you've seen it recently but I'm going to ask Mr. Jackson to hand it to you.  I want to make sure it is your plea agreement, that you've initialed every page, any change, and signed it at the end. . . .  Is that your plea agreement?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Mr. Boggs, is that the plea agreement of the United States?
>
> MR. BOGGS: Yes, it is.
> . . .
> THE COURT: Mr. Weeden, is this the same plea agreement as was originally given to Mr. Kelly or has it been altered since we were last together?
>
> MR. WEEDEN: This is the original, yes.
>
> THE COURT: Mr. Kelly, you told me this morning that you only had approximately a day, maybe a little more, to review the plea agreement.  Have you had a chance to read the entire plea agreement now?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Have you talked to Mr. Weeden about it?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you believe you understand the plea agreement?

THE DEFENDANT: I understand it.  I understand it.

THE COURT: And I know I repeat myself, but have you had enough time to talk with Mr. Weeden about it?

THE DEFENDANT: Yes, we had, I understand, and we had time to talk. I had questions about some of the stuff in it, but, you know, I understand it.

(Criminal Case Doc. No. 60 at 26-28, filed Sept. 11, 2008.)  Petitioner also acknowledged that he

had sufficient time to speak with his attorney and to ask questions about the sentencing guidelines:

THE COURT: Mr. Weeden, have you had an opportunity to talk to Mr. Kelly about how the guidelines might apply in this case?

MR. WEEDEN: Yes, I have, Judge. . . .

THE COURT: Mr. Kelly, have you had enough time to talk with Mr. Weeden about the potential application of the sentencing guidelines in this case, recognizing that, as I mentioned a bit ago, the judge has to look at the guidelines, but she's not required to sentence you within the guideline range?

THE DEFENDANT: Yes, ma'am. That means he can go above or beyond?

THE COURT: She can go above or below.

THE DEFENDANT: Yes, ma'am, he explained it.

THE COURT: Have you had enough time to talk with him about it?

THE DEFENDANT: Yes, ma'am.

THE COURT: Has that answered the question? I think we got into this originally when you asked me about the one level and the two level and the three level provisions for acceptance of responsibility.  Have you had enough time to talk with him about all of that?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Anything else you want to ask about guidelines while we're on that subject?

THE DEFENDANT: Not at the moment, ma'am.

THE COURT: All right. If it comes up, let me know.

THE DEFENDANT: Yes, ma'am.

(*Id.* at 40-42.)  Petitioner further acknowledged his understanding that he would be waiving certain rights by entering into the plea agreement, including the right to collaterally attack his sentence except in limited circumstances:

THE COURT: Under the plea agreement you're giving up some of your rights to appeal from or challenge a mistake in your sentence.  You can only do that if the sentence is above the guideline range as determined by the court, if the sentence is more than the maximum permitted by the statute, if the sentence violates the Eighth Amendment to the Constitution, which is your protection against cruel and unusual punishment, or if the government decided to appeal from your sentence, you could appeal for any reason.  Do you understand how that limits your right to appeal or challenge a mistake in your sentence?

THE DEFENDANT: Somewhat.

THE COURT: What questions do you have about it?

THE DEFENDANT: I don't have a question about it.  You know, I got to really sit down and read it, but I understand, you know, what you're saying that I give up my right to appeal on it.
. . .
THE COURT: . . . Let me do it again.  If you plead guilty, you can't challenge the finding that you committed the crime.  Normally, if you think the judge makes a mistake in the sentence though, even if you did plead guilty, you could appeal it to the next higher court or challenge it.  This provision of the plea agreement takes away some of those rights.  It says, I'll do it the other way around, it says if the judge sentences you within the guideline range as she determines it and the sentence is within the range permitted by the statute, in other words, it's not more than the maximum permitted, and that's not otherwise a cruel and unusual sentence, you can't appeal it, unless the government appeals, then you could appeal for any reason.  Does that make sense?

THE DEFENDANT: Yes, ma'am.

THE COURT: Is that a right you're willing to give up?

THE DEFENDANT: Yes, ma'am.

(*Id.* at 47-48.)  Magistrate Judge Spaulding advised Petitioner four times during the plea colloquy that he was not required to plead guilty and that he had the right to go to trial.  (*Id.* at 2, 20, 24, 67.) Petitioner declared that he was not threatened or coerced into pleading guilty.  (*Id.* at 24-25.)

In light of the Magistrate's thorough and comprehensive plea colloquy, during which Petitioner was specifically questioned about the sentence-appeal waiver and acknowledged his understanding of the sentence-appeal waiver, the Court finds that the sentence-appeal waiver is valid.

### B. Effect of Valid Sentence-appeal Waiver

Finding that the sentence-appeal waiver is valid, the Court must determine whether Petitioner's claims are barred by the sentence-appeal waiver.  The plea agreement prohibits Petitioner from collaterally challenging his sentence on any ground except "(a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds that statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution." (Criminal Case Doc. No. 32 at 12.)

Other than Petitioner's claim that his sentence was greater than the statutory maximum, Petitioner's challenges to his sentence do not fall within the exceptions stated in the sentence-appeal waiver permitting collateral attack of Petitioner's sentence.  Therefore, the sentence-appeal waiver bars review of those claims by this Court.

## II. Procedural Default

A defendant who fails to object at the trial court level to error he believes the court has committed or fails to raise such objection on appeal is procedurally barred from presenting his objection in a motion subsequently filed under 28 U.S.C. § 2255 absent a showing of (1) cause and prejudice or (2) a fundamental miscarriage of justice. *See United States v. Frady*, 456 U.S. 152, 166-68 (1982); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). In order to show cause, a petitioner must show some external impediment preventing counsel from constructing or raising the claim. *High v. Head*, 209 F.3d 1257, 1262-63 (11th Cir. 2000). "Such external impediments include evidence that could not reasonably have been discovered in time to comply with the rule; interference by state officials that made compliance impossible; and ineffective assistance of counsel at a stage where the petitioner had a right to counsel." *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). Absent cause and prejudice, the procedural default of a constitutional claim may be excused only if enforcing the default would result in a fundamental miscarriage of justice. *Id.* This exception applies if the petitioner can show that, in light of new evidence, it is probable that no reasonable juror would have convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner's claims of breach of the plea agreement and ineffective assistance of counsel are properly raised for the first time in the instant Section 2255 Motion. *See United States v. Al-Arian*, 514 F.3d 1184, 1191 (11th Cir. 2008) ("[A] § 2255 motion may be used to enforce promises made in a plea agreement.") (citations omitted); *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008) ("[A]n ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255." (quoting *United States v. Butler*, 41 F.3d 1435, 1437 n.1 (11th Cir. 1995))).

Petitioner's claims of an unknowing and involuntary guilty plea and a sentence greater than the statutory maximum could have been raised on direct appeal, but Petitioner failed to do so. Petitioner's counsel filed an *Anders* brief,[2] and the Eleventh Circuit affirmed Petitioner's conviction and sentence. (Criminal Case Doc. No. 71.) Petitioner does not allege cause or prejudice for failing to raise these claims on direct appeal, and Petitioner does not maintain that there was any fundamental miscarriage of justice. Therefore, Petitioner is procedurally barred from claiming in the instant Section 2255 Motion that his guilty plea was unknowing and involuntary and that his sentence was greater than the statutory maximum. For completeness, however, the Court will address each of Petitioner's claims on the merits.

## III. Voluntariness of Guilty Plea

Petitioner argues that his guilty plea was unknowing and involuntary in violation of Federal Rule of Criminal Procedure 11 because: (1) Petitioner did not understand the "intent to distribute" element of his offenses; (2) the Government coerced Petitioner into pleading guilty by informing him that additional charges would be brought against him if he did not accept the plea agreement within 24 hours; and (3) the Magistrate misinformed Petitioner of her ability to accept a plea of nolo contendere. (Doc. No. 1 at 11-17.)

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(g), before a court accepts a guilty plea, it must determine that the defendant understands the nature of each charge to which the defendant is pleading. Federal Rule of Criminal Procedure 11(b)(2) further provides that "[b]efore accepting a plea of guilty . . ., the court must address the defendant personally in open court and

---

[2] In *Anders v. California*, 386 U.S. 738, 744 (1967), the United States Supreme Court established a procedure for appellate counsel to withdraw from the representation upon concluding that an appeal would be frivolous.

determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)."  In addition, Federal Rule of Criminal Procedure 11(b)(3) requires courts to determine that there is a factual basis for a guilty plea prior to entering judgment on a guilty plea.  As discussed below, Petitioner's arguments that his guilty plea was obtained in violation of these rules are without merit.

### A. Understanding of "Intent to Distribute"

During his plea colloquy, Petitioner informed the Magistrate Judge that he did not understand the meaning of "intent to distribute," which was an element of the crimes charged in Counts I and II.  (Criminal Case Doc. No. 60 at 18-19.)  Although Petitioner argues that the Magistrate failed to adequately explain the meaning of "intent to distribute," the Court finds no error in the Magistrate's explanation of the term, and Petitioner's sworn[3] statements during the plea colloquy show that he understood the Magistrate's explanation.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[R]epresentations of the defendant . . . constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987) ("[T]here is a strong presumption that the statements made during the [plea] colloquy are true.").

The Magistrate Judge correctly defined "intent to distribute" as "the intent to give or sell all or part . . . to some other person," as opposed to mere personal use.  (Criminal Case Doc. No. 60 at

---

[3] Petitioner was placed under oath at the beginning of the plea colloquy and swore that his statements during the plea proceeding would be truthful.  (Criminal Case Doc. No. 60 at 14.)

18); *see United States v. Robinson*, 870 F.2d 612, 613 (11th Cir. 1989) (noting that the amount of cocaine may distinguish intent to distribute from mere personal use).   After the Government disclosed the evidence that it would introduce at trial to prove Petitioner's intent to distribute on Counts I and II, the Magistrate Judge confirmed Petitioner's understanding of the term "intent to distribute" and the Government's evidence in support of that element:

> THE COURT: All right.  What Mr. Boggs is telling me is that the intent to distribute would be established through I gather circumstantial evidence, since there was no direct distribution underlying count one or count two, and what they would rely on is the quantity, which they would argue was more than a personal use quantity of either crack cocaine or cocaine hydrochloride, powder cocaine.  They would argue that there was evidence that you intended to distribute, being scales and other paraphernalia.  And they would also attempt to introduce under Federal Rule of Criminal Procedure 404(b) prior act evidence that showed that you had actually distributed drugs in the past.
>
> Now, that being said, you know, you don't have to plead guilty to the charge. You certainly have the right to go to trial and argue there was no intent to distribute. But that, as I understand the summary from Mr. Boggs, is the government's contention with respect to intent to distribute.
>
> MR. BOGGS: And also the cash seizure as well.
>
> THE COURT: Oh, the cash. Yes, thank you.
> . . .
> THE COURT: Did we answer the question?
>
> THE DEFENDANT: Yes, you know, I heard what, you know, you said.  I was just trying to get an understanding, you know, a clear understanding of what is possession, what of intent.
>
> THE COURT: Did that answer your question?
>
> THE DEFENDANT: I mean --
>
> THE COURT: Do you want some more time to talk to Mr. Weeden about it?
>
> THE DEFENDANT: No, no, no.  I was just wondering how did they get that.

THE COURT: That's fine. We want to try to answer every question we can, and if we go off [on] tangents that weren't what you want to know, let us know, and we'll come back to answer your question.  Okay?

THE DEFENDANT: Okay.

(Criminal Case Doc. No. 60 at 19-21.)  Petitioner then admitted to the amounts of cocaine he possessed in support of Counts I and II and that he planned to sell those amounts of cocaine.  (*Id.* at 55-58.)  Just prior to receiving Petitioner's guilty plea, the Magistrate Judge confirmed that Petitioner had no outstanding questions.  (*Id.* at 67, 69-70.)  In view of Petitioner's undisputed statements during the plea colloquy, Petitioner understood the term "intent to distribute."

**B. Additional Charges in the Absence of Guilty Plea Pursuant to Plea Agreement**

Petitioner asserts that he was coerced into pleading guilty by the Government's statements that it would bring additional charges if he did not plead guilty pursuant to the plea agreement within 24 hours of receiving the plea agreement.  (Doc. No. 1 at 12.)  An "exploding" plea offer is within the Government's prosecutorial discretion, and by itself such a plea offer does not constitute unlawful coercion.  *See United States v. Pickering*, 178 F.3d 1168, 1174 (11th Cir. 1999) ("If a prosecutor wishes to offer a defendant an "exploding" plea bargain with a short fuse, as the prosecutor did here, this decision is entirely within his or her prosecutorial discretion . . . ."), *overruled on other grounds as stated in United States v. Orrega*, 363 F.3d 1093, 1098 n.8 (11th Cir. 2004); *see also Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) ("There is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial.").  Petitioner does not cite, and the Court does not find, any authority prohibiting the Government from declaring that it would

bring additional charges[4] against Petitioner if he failed to plead guilty pursuant to the plea agreement.  Therefore, Petitioner was not improperly coerced into pleading guilty by the manner in which the plea agreement was offered to him.

### C. Misinformation About Magistrate's Authority to Accept Plea of Nolo Contendere

Petitioner next argues that the Magistrate Judge coerced him to plead guilty by misinforming him that only the District Judge, not the Magistrate Judge, could accept a nolo contendere plea. (Doc. No. 1 at 15.)  The Magistrate Judge correctly informed Petitioner that the authority to accept a nolo contendere plea rests with the District Judge.  Fed. R. Civ. P. 11(a)(1); *United States v. Dorman*, 496 F.2d 438, 440 (4th Cir. 1979).  Even if, as Petitioner argues, this Court could have delegated its authority to accept a nolo contendere plea to the Magistrate Judge pursuant to 28 U.S.C. § 636, there is no evidence in the record that such a delegation occurred.  Petitioner's claim that the Magistrate's statements about a nolo contendere plea coerced him to plead guilty is further belied by the Magistrate's statements to Petitioner throughout the plea colloquy that he was not required to plead guilty and that he had the right to proceed to trial.  (Criminal Case Doc. No. 60 at 2, 20, 24, 67.)  Accordingly, the Court rejects Petitioner's claim that he was coerced into pleading guilty by the Magistrate's statement that she lacked authority to accept a nolo contendere plea.

### IV. Breach of Plea Agreement

Petitioner argues that the Government breached his plea agreement by not filing a motion for downward departure due to substantial assistance pursuant to U.S.S.G. § 5K1.1.  (Doc. No. 1 at 18-21.)  Petitioner's plea agreement stipulated that the Government would consider filing, but was

---

[4] The Government stated at the outset of the plea colloquy that it planned to file an information pursuant to 21 U.S.C. § 853 and additional charges against Petitioner if he did not plead guilty pursuant to the plea agreement.  (Criminal Case Doc. No. 60 at 3.)

not required to file, such a motion.  (Criminal Case Doc. No. 32 at 4-5.)  The plea agreement further provided "that the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida" and that Petitioner could not challenge that determination by collateral attack.  (*Id.* at 5.)

Where, as here, the plea agreement contains no promise to file a substantial assistance motion, courts will only review the Government's failure to file a substantial assistance motion for "a constitutionally impermissible motivation, such as race, religion, or other arbitrary classification" or the absence of a rational relation to a legitimate government purpose.  *United States v. Davis*, 359 F. App'x 128, 130 (11th Cir. 2010) (citations omitted).  Petitioner's general assertion that the Government's refusal to move for downward departure was based on an unconstitutional motive and bad faith, without more, does not entitle him to relief or an evidentiary hearing.  *See id.* ("[W]here a defendant claims merely that he has provided substantial assistance, without anything else, supplemented only by 'additional but generalized allegations of improper motive,' he will not be entitled to 'a remedy or even to discovery or an evidentiary hearing.'" (quoting *Wade v. United States*, 504 U.S. 181, 186 (1992))).  Accordingly, the Court rejects Petitioner's claim that the Government breached his plea agreement by failing to move for downward departure due to substantial assistance.

## V.  Ineffective Assistance of Counsel

Petitioner argues that his trial counsel was ineffective for: (1) failing to file a motion to suppress evidence; (2) failing to timely present Petitioner with the terms and conditions of his plea agreement; (3) failing to adequately and thoroughly define the elements of the offenses to which

Petitioner pled guilty; and (4) failing to timely object to the calculation of Petitioner's criminal history score in his presentence report.  (Doc. No. 1 at 22-26; Doc. No. 11 at 9-10.)

To prevail on a claim of ineffective assistance of counsel, Petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. These two elements are commonly referred to as the performance and prejudice prongs, respectively. *Reece v. United States*, 119 F.3d 1462, 1464 n.4 (11th Cir. 1997).  If Petitioner fails to establish either prong, the Court need not consider the other prong in finding that there was no ineffective assistance of counsel.  *Strickland*, 466 U.S. at 697.  As discussed below, each of Petitioner's ineffective assistance of counsel claims fail because Petitioner was not prejudiced by his counsel's alleged performance.

### A.  Failure to File Motion to Suppress

In order to show prejudice from counsel's failure to file a motion to suppress, Petitioner must show that he would have prevailed on the motion and that there is a reasonable probability that the successful motion would have affected the outcome of Petitioner's case.  *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).  Petitioner maintains that his counsel should have moved to suppress the fruits of two warrantless, nonconsensual searches: (1) the search of Petitioner's vehicle by a highway patrolman subsequent to a traffic stop for speeding[5] and the patrolman's detection of cannabis odor from Petitioner's vehicle ("Vehicle Search"); and (2) the search of a bag dropped by

---

[5] Petitioner concedes that he was lawfully stopped for speeding.  (Doc. No. 1 at 23.)

Petitioner as he fled from an investigatory stop prompted by a "hit" on the tag of a vehicle in which Petitioner was a passenger ("Bag Search").  (Criminal Case Doc. No. 32 at 14-15.)

Petitioner's speeding violation permitted the highway patrolman to stop his vehicle.  *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998).  The patrolman's subsequent detection of marijuana odor created probable cause to search Petitioner's vehicle.  *See Tobin*, 923 F.2d 1510, 1512 (11th Cir. 1991) (concluding that odor of marijuana elevated agent's suspicions to the level of probable cause); *United States v. Lueck*, 678 F.2d 895, 903 (11th Cir. 1982) ("[T]he recognizable smell of marijuana gives rise to probable cause supporting a warrantless search.").  Petitioner does not allege, and the Court does not find any evidence in the record, attacking the credibility of the patrolman who detected the cannabis odor from Petitioner's vehicle or otherwise challenging the existence of probable cause to conduct the Vehicle Search.  *Cf. United States v. Jennings*, 227 F. App'x 828, 830 (11th Cir. 2007) (affirming the district court's finding that an officer lacked probable cause to search a vehicle despite having smelled marijuana because the court found the officer not credible and because a small amount of marijuana was found in the vehicle).  Accordingly, the Vehicle Search was lawful, and Petitioner was not prejudiced by his counsel's failure to move to suppress the fruits of the Vehicle Search.

The Bag Search also was lawful.  After obtaining a "hit" on a truck's vehicle tag, deputies of the Brevard County Sheriff's Office attempted to make an investigative stop of the truck. (Criminal Case Doc. No. 32 at 15.)  Petitioner, who was a passenger in the truck, fled on foot with a bag toward a nearby apartment, and Petitioner continued to flee when officers attempted to question him.  (*Id.*)  Petitioner dropped the bag as he jumped over a fence, and the bag was retrieved by officers and searched.  (*Id.*)  Even if the police officers lacked reasonable suspicion to stop the

truck, Petitioner lacked standing to challenge the search of the bag because he abandoned the bag while in flight. *See California v. Hodari*, 499 U.S. 621, 629 (1991) (holding that officers may seize any contraband that a fleeing suspect discards during flight because the suspect has abandoned the contraband); *United States v. Tinoco*, 304 F.3d 1088, 1117 (11th Cir. 2002) (holding that crew members of a smuggling vessel effectively abandoned cocaine bales when they threw them into ocean during a pursuit by a Coast Guard vessel and thus lacked standing to challenge the seizure of the bales, regardless of whether there was reasonable suspicion for stopping the vessel). Finding no contrary authority or allegations, Petitioner was not prejudiced by his counsel's failure to move to suppress the fruits of the Bag Search.

### B.  Failure to Timely Present Petitioner with the Terms of His Plea Agreement

Petitioner asserts that his counsel was ineffective for failing to timely present him with the terms of the plea agreement offered by the Government. (Doc. No. 1 at 22.) It is unclear from the record precisely when the Government offered the plea agreement to Petitioner and when Petitioner was first notified of the plea agreement. In any case, Petitioner had at least 24 hours to consider the plea agreement, and the plea hearing was continued for over four hours so that Petitioner could confer with his counsel about the plea agreement. (Criminal Case Doc. No. 60 at 5, 7, 9-11.) After the plea hearing was resumed, Petitioner acknowledged that he had sufficient time to discuss the plea agreement with his counsel and that he desired to plead guilty pursuant to the plea agreement. (*Id.* at 12-13, 27-28.) Because Petitioner does not cite, and the Court does not find, any authority that Petitioner was prejudiced by the manner in which the plea agreement was disclosed to him, the Court finds that Petitioner's counsel was not ineffective simply because Petitioner only had approximately 24 hours to consider the plea agreement.

### C. Failing to Inform Petitioner of the Elements of the Offenses

Petitioner next argues that his counsel was ineffective for failing to define the elements of the charged offenses to Petitioner. (Doc. No. 1 at 22.) During the plea colloquy, the Magistrate recited the charges against Petitioner, Petitioner was afforded an opportunity to ask the Magistrate questions about the nature of the charged offenses, the Court addressed all of Petitioner's questions, and Petitioner acknowledged that he understood the charges against him. (Criminal Case Doc. No. 30 at 16-23, 67, 69-70.) Petitioner also informed the Magistrate Judge during the plea colloquy that he had read the Indictment and talked about the charges in the Indictment with his counsel. (*Id.* at 23.) Petitioner does not identify any particular terms which, if properly defined by his counsel, would have caused Petitioner to proceed to trial instead of pleading guilty. For these reasons, Petitioner was not prejudiced by his counsel's failure to define the elements of the charged offenses, and the Court rejects Petitioner's claim that his counsel was ineffective for failing to inform Petitioner of the elements of the charged offenses.

### D.  Failure to Object to Criminal History Calculation

Petitioner maintains that his counsel was ineffective for failing to timely object to the manner in which his criminal history was calculated in his presentence report. (Doc. No. 11 at 9-10.) This claim of ineffective assistance of counsel fails because Petitioner does not identify any portion of his criminal history score that was incorrectly computed. Petitioner merely claims, based on his erroneous interpretation of the guidelines,[6] that his criminal history score was incorrectly computed.

---

[6] For example, Petitioner claims that under U.S.S.G. § 4A1.2(e), any sentences imposed more than ten years prior to the commission of the instant offenses should not be scored. (Doc. No. 11 at 10.) To the contrary, prior offenses are scored if the resulting sentence was imposed within ten years of the instant offense or if the defendant was incarcerated within fifteen years of the instant

(continued...)

(Doc. No. 11 at 10.)  Therefore, Petitioner has failed to allege facts which, if true, would establish that he was prejudiced by his counsel's failure to timely object to the criminal history calculation.

## VI.  Sentence Above Statutory Maximum

Petitioner argues that his sentence was greater than the statutory maximum because the imposition of a five-year mandatory minimum sentence on Count IV violated the "except clause" of 18 U.S.C. § 924(c)(1)(A).  (Doc. No. 11 at 5.)  Section 924(c)(1)(A) provides the following:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –
>
> (i) be sentenced to a term of imprisonment of not less than 5 years . . . .

The "except clause" of 18 U.S.C. § 924(c)(1)(A) does not apply here for two reasons.  First, Petitioner was not subject to a greater minimum sentence than the five year mandatory consecutive sentence under 18 U.S.C. § 924(c)(1)(A)(i).  The minimum sentence on Petitioner's drug offenses in Counts I and II was also five years.  21 U.S.C. § 841(b)(1)(B).  Second, the "except" clause does not apply where, as here, a criminal defendant is charged with a single Section 924(c)(1)(A) offense and one or more drug trafficking crimes.  *See United States v. Segarra*, 582 F.3d 1269, 1272 (11th Cir. 2009) ("Given the plain language of § 924(c), we do not interpret the "except" clause to limit consecutive sentences imposed for § 924(c) offenses and the underlying drug crimes.").  The

---

(...continued)

offense pursuant to a sentence greater than one year and one month, whenever imposed.  U.S.S.G. § 4A1.2(e)(1)-(2).

contrary position reached by the Second Circuit in *United States v. Williams*, 558 F.3d 166, 169-70 (2d Cir. 2009), and *United States v. Whitley*, 529 F.3d 150, 153 (2d Cir. 2008), upon which Petitioner relies, was expressly rejected by the Eleventh Circuit in *Segarra*. *Segarra*, 582 F.3d at 1272. Because Petitioner was lawfully sentenced to a consecutive five-year term of imprisonment under 18 U.S.C. § 924(c)(1)(A)(i), Petitioner's sentence was not above the statutory maximum.

### Conclusion

Based on the foregoing, the Court finds that Petitioner is not entitled to a hearing because his claims are either procedurally barred or affirmatively contradicted by the record. Petitioner has not demonstrated that he is entitled to relief on any of the claims he has raised. Any allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Petitioner Raymond Kelly (Doc. No. 1) is **DENIED**, and this case is **DISMISSED with prejudice**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:07-cr-134-Orl-19KRS and to terminate the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Criminal Case Doc. No. 72, filed Sept. 21, 2009) pending in that case.

4. This Court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.[7]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** at Orlando, Florida, this day of July 27, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

---

[7]Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.

Copies furnished to:

Raymond Kelly
Counsel of Record